UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTA GARCIA, AS REPRESENTATIVE OF THE ESTATE OF JUANA OCHOA, § § § § Plaintiff, § § V. § § ROSS STORES, INC., § § Defendant. § § § | Civ. No. 4:11-cv-02336 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Summary Judgment and Brief in Support ("Motion"). (Doc. No. 12.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion should be **GRANTED**.

### I. BACKGROUND

Marta Garcia, as representative of the estate of Juana Ochoa ("Ms. Ochoa"), seeks to recover damages as a result of injuries sustained by Ms. Ochoa at the business premises of the Defendant, Ross Stores ("Ross"). On November 29, 2009, Ms. Ochoa was at the store to purchase merchandise held out for sale to the public by Ross. (Doc. No. 12, Compl. ¶ 7.) Ms. Ochoa was with two of her daughters, Rosa Ochoa, age 51, and Maria Ochoa, age 55. (Rosa Ochoa Dep. 10:5-11:4, Sept. 30, 2011.) She and her daughters arrived between 2:30 and 3:00 p.m. (Rosa Ochoa Dep. 10:17, Maria Ochoa Dep. 9:20, Sept. 30, 2011.) When they had been in the store a few minutes, Ms. Ochoa

1

allegedly suffered bodily injuries when she slipped on a hanger that was on the floor and fell. (Compl. ¶ 7.)

The clothes hanger was clear in color. (Maria Ochoa Dep. 15:15-16.) Maria had not observed the hanger prior to the fall, nor did she know how long the hanger had been on the floor. (*Id.* at 14:7-12, 17:14-15, 19:24-25.) Similarly, Rosa did not know how long the hanger had been on the floor. (Rosa Ochoa Dep. 25:14-17.) None of Ross's employees told Ms. Ochoa, Maria, or Rosa they knew the hanger had been on the floor prior to the occurrence. (Maria Ochoa Dep. 24:11-16; Rosa Ochoa Dep. 26:10-13.) Neither Rosa nor Maria witnessed their mother fall. (Maria Ochoa Dep. 10:8-9, Rosa Ochoa Dep. 12:18-19, 25:7-9.)

Joslyn Castello was the Area Manager for Ross at the time of the occurrence (Joslyn Castello Dep. 7:17-20, November 11, 2011.) Ms. Castello had arrived for work around 2:00 p.m. (*Id.* at 16:6-8.) Ms. Catello learned about Ms. Ochoa's fall from a Store Protection Service (SPS) employee over the speaker. (*Id.* at 13:17-18.)

Ms. Castello's deposition establishes that, at the time of this incident, Ross had in place safety procedures to detect and remove hazards in the store aisles. Ross has a recovery policy requiring employees to walk up and down the aisles and recover what is on the floor. (*Id.* at 18:6-13.) The program is called START, an acronym for "size, ticket, and recover today." (*Id.* at 18:14-18.) At the time of the occurrence, there were three associates who were performing regular recovery of the women's department. (*Id.* at 22:15-23.) The area where Ms. Ochoa fell is known as the "shortage highway" of the misses' department. (*Id.* at 27:6-8, 23-25.) Along with the regular recovery being performed by stockroom associates, two SPS employees had walked the shortage

2

highway in the hour before the incident. (*Id.* at 26:1-4.) When Ms. Castello arrived at work at 2:00 p.m., she also walked down the shortage highway and did not see anything to be recovered. (*Id.* at 31:19-24.)

Marta Garcia is acting on behalf of Ms. Ochoa because Ms. Ochoa died on December 23, 2010. According to her death certificate, the cause of death was ovarian carcinoma which had persisted for the previous 18 months. (Doc. No. 12-8.) None of Ms. Ochoa's daughters had known about their mother's cancer, and instead believed that Ms. Ochoa's death was related to her depression from the fall. (Maria Ochoa Dep. 26:2-5; Rosa Ochoa Dep. 30:22-31:2; Marta Garcia Dep. 16:23-25, Sept. 30, 2011.)

Ms. Garcia alleges on Ms. Ochoa's behalf that Ms. Ochoa's fall caused serious and permanent injuries and also affected her emotional well-being. (*Id.* ¶ 13.) She argues that Ross negligently allowed the creation and continued existence of this condition, making the store a dangerous place. Furthermore, Ms. Garcia argues that Ross failed to warn Ms. Ochoa of the dangerous condition although Ross knew or should have known of its existence.

Ross filed this Motion, arguing that Ms. Garcia's claims fail as a matter of law. Ross asserts that, because she complains of a condition of the Ross's premises, she must bring her claim under a premises liability theory, rather than a negligent activity theory. (Doc. No. 12, Mot. Sum. Jgmt 1.) To establish her claim, Ross contends that Ms. Garcia must show that Ross had actual or constructive knowledge of a condition on the premises which posed an unreasonable risk of harm, that Ross did not exercise reasonable care to reduce or eliminate the risk, and that failure to use such care proximately caused Ms.

Ochoa's injuries. *Id.* Ross alleges that Ms. Garcia fails to show a genuine issue of material fact as to notice and causation. *Id.*

## II. LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2011) (internal quotations omitted). The party seeking summary judgment bears the burden of demonstrating that there is no actual dispute as to any material fact of the case. *Willis v. Roche Biomed. Lab.,* 61 F.3d 313, 315 (5th Cir. 1995) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)); Fed. R. Civ. P. 56(a).

Furthermore, the summary judgment standard "provides that the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis*, 61 F.3d at 315. First, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law are material." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Second, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248).

Conclusory allegations and unsubstantiated assertions do not satisfy the non-movant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))); *Topalian v. Ehrman*, 954 F.2d 1125,

1131 (5th Cir. 1992) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment."). The Court will view all the evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986).

### III. ANALYSIS

The Court grants Ross's Motion on the basis that this case is a "premises liability" claim rather than a "negligent activity" claim. Ms. Garcia contends that leaving a hanger on the floor is a negligent activity. (Doc. No. 21, ¶17.) The Texas Supreme Court has consistently recognized, however, that negligent activity claims and premises liability claims involve two independent theories of recovery that fall within the scope of negligence. *See Gen. Elec. Co. v. Moritz,* 257 S.W.3d 211, 214–15 (Tex. 2008) (distinguishing between "negligent-activity claim" or "theory" and "premises-condition claim" or "theory"); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997) (stating that there are "two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect"); *see also Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Brooks v. PRH Investments, Inc.*, 303 S.W.3d 920 (Tex. App. 2010).

Negligent activity claims involve "affirmative, contemporaneous conduct by the owner that caused the injury," while premises liability claims encompass "a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del*

5

*Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Recovery on a negligent activity claim requires that the plaintiff have been injured by or as a contemporaneous result of the "activity itself" rather than by a "condition" created by the activity. *Brooks,* 303 S.W.3d at 923; *Olivo*, 952 S.W.2d at 527; *Keetch v. Kroger Co*., 845 S.W.2d 262, 264 (Tex. 1992). If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Lucas v. Titus County Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App. 1998).

In this case, Ms. Ochoa was injured by a condition created by an activity, not the activity itself. Ms. Ochoa was not contemporaneously injured when Ross employees were placing clothing on hangers, for example. The Texas Supreme Court's decisions in similar slip-and-fall cases clarify that Ms. Ochoa can recover only under a premises liability theory. In *Keetch,* the plaintiff fell thirty minutes after a Kroger employee had sprayed chemicals on plants. *Keetch*, 845 S.W.2d at 264. Because the activity of spraying the plants was not ongoing, the plaintiff could not bring a negligent activity claim. The court noted "[a]t some point, almost every artificial condition can be said to have been created by an activity," and that the plaintiff in *Keetch* "was not injured by the activity of spraying," but "by a condition created by the spraying." *Id. See also Stanley Stores, Inc. v. Veazey,* 838 S.W.2d 884, 885–86 (Tex.App.-Beaumont 1992, writ denied); *Kroger Co. v. Persley*, 261 S.W.3d 316 (Tex. App. 2008). Other courts that have considered the scenario in this case—a plaintiff tripping on a hanger—have applied a premises liability theory. *Lipsky v. Firebaugh Realty Corp.*, 26 A.D.3d 313, 809 N.Y.S.2d 535 (2006); *Monte v. T.J. Maxx,* 293 A.D.2d 722, 741 N.Y.S.2d 117 (2002); *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 490 S.E.2d 150 (1997). Because Ms. Ochoa was injured by a

hanger on the floor not contemporaneously caused by Ross's activities, Ms. Ochoa may recover only under a premises liability claim.

Thus, the Court looks to the requirements of premises liability, and finds that Ms. Garcia, as a matter of law, cannot establish actual or constructive knowledge of the hanger by Ross. Ms. Garcia must demonstrate actual or constructive knowledge of the hanger in order to succeed under a premises liability claim. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983). Under Texas law, an owner's knowledge of a potentially harmful condition can be established in one of the following three ways: 1) proof that employees caused the harmful condition; 2) proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury; or 3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *See Keetch,* 845 S.W.2d at 264; cited by *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000). Ms. Garcia does not have evidence that the employees placed the hanger on the floor. Nor can Ms. Garcia establish that Ross saw the hanger before the fall or had been told of the harmful condition. To Ms. Castello's knowledge, no one at Ross Stores was aware that the hanger was on the ground before the incident occurred. (Joslyn Castello Dep. 18:2-5.) Depositions of Ms. Ochoa's daughters do not contradict this statement. None of Ross's employees told Maria or Rosa they knew the hanger had been on the floor prior to the occurrence. (Maria Ochoa Dep. 24:11-16; Rosa Ochoa Dep. 26:10-13.)

Thus, Ms. Garcia must rely on a constructive knowledge theory, but cannot demonstrate that the dangerous condition existed long enough that Ross should have known of it. The so-called "time-notice rule" is based on the principle that temporal

evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach that Texas courts have rejected. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 103 (Tex. 2000).

A speculative, subjective opinion as to how long an item has been on the floor is not sufficient. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937 (Tex. 1998). An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. *Reece*, 81 S.W.3d at 816.

Ms. Garcia points to one case in which defendant was found liable, although the plaintiff could produce no evidence of the defendant's constructive knowledge of the dangerous condition. *Corbin v. Safeway Stores, Inc*., 648 S.W.2d 292, 294 (Tex. 1983). However, *Corbin* was exceptional because the defendant was aware that the area in which the plaintiff fell, near a grape bin, was unusually hazardous. *Id.* In fact, the defendant had a store policy that mats were required near the grape bins, but defendant had failed to place the mats. *Id.* Because of the known and unusually high risks accompanying customer usage of a self-service display of grapes, the court found that the defendant was liable for the plaintiff's injuries. *Id.* The Texas Supreme Court has limited *Corbin* to its facts, and, generally, courts require that plaintiffs show notice. *Keetch v. Kroger Co*., 845 S.W.2d 262 (Tex. 1992); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d

406, 408 (Tex. 2006); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Rice Food Mkt., Inc. v. Hicks*, 111 S.W.3d 610, 613 (Tex. App. 2003).

A dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constructive knowledge. *See Threlkeld,* 211 F.3d at 887; *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 900-1; *Wal-Mart Stores, Inc. v. Lopez*, 2000 Tex. App. LEXIS 2007 (Tex. App.—San Antonio 2000, no pet.); *Kimbell, Inc. v. Roberson*, 570 S.W. 2d 587, 590 (Tex. Civ. App.—Tyler 1978, no writ). Ms. Castello's deposition indicates that a number of individuals were tasked with recovery every thirty minutes—including other store associates and two SPS employees. (Joslyn Castello Dep. at 22:15-23; 26:1-4; 31:19-24.) Ms. Castello indicates that she walked along the shortage highway next to the women's clothing around 2:00 p.m.—thirty minutes before the incident—and did not see a hanger on the ground. (*Id.* at 31:19-24.) Ms. Garcia has not provided contradictory evidence to indicate how long the hanger was on the ground before Ms. Ochoa fell. Ms. Ochoa's two daughters did not see the hanger before the fall. (Maria Ochoa Dep. at 14:7-12, 17:14-15, 19:24-25; Rosa Ochoa Dep. 25:14-17.) Ms. Garcia has not adduced evidence to establish a genuine issue of material fact that Ross had actual or constructive notice of the hanger.

Ms. Garcia cites Ms. Castello's deposition in an attempt to create a fact issue, focusing on Ms. Castello's testimony that floor associates would perform recovery at the beginning of their shift. (Joslyn Castello Dep. 23:22-24:7.) However, Ms. Castello also testified that they would perform recovery throughout their shift if they saw something needing to be recovered. (*Id.* at 89:14-21.) The Court does not view these statements as a contradiction since employees could be instructed to recover items at the beginning of

their shift, but also be attentive to items on the floor throughout their shift. Ms. Garcia also points to Ms. Castello's allegedly contradictory statements about the location of Ms. Ochoa's fall—at one point Ms. Castello states it was in the misses' department (*Id.* at 26:23-25), later she states it was in women's clothing. (Doc. No. 21-3.) The area in which Ms. Ochoa fell is not in dispute as a material fact. Both Ms. Garcia and Ross are in agreement that Ms. Ochoa fell along the shortage highway, near the clothing section labeled "Ladies" in the exhibit photos of the incident scene. (Doc. No. 12-6 and 12-7.) Ms. Castello interchangeably refers to the area as the ladies, women's, and the misses' department. (Joslyn Castello Dep. 25:2-6, 78:24.) The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the standard is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Ms. Garcia has not alleged a material fact dispute here.

Finally, Ms. Garcia also asserts that *res ipsa loquitur* is applicable. *Res ipsa loquitur* is an evidentiary rule by which negligence may be inferred if Ms. Garcia proves: 1) the accident is of the type not ordinarily occurring in the absence of negligence, and 2) that the instrumentality of the accident was under the exclusive management and control of Ross. *Haddock v. Anspiger*, 793 S.W. 2d 948, 950 (Tex. 1990); *Clay v. BMS, Inc.*, 61 S.W. 3d 489, 492 (Tex. App—San Antonio 2001, no pet.), citing *Mobil Chemical Co. v. Bell*, 517 S.W. 2d 245, 251 (Tex. 1974). Ms. Garcia has not established that the hanger was in the exclusive control of Ross. The hanger could have been placed on the floor by a member of the public, or even Ms. Ochoa herself. Thus *res ipsa loquitur* cannot apply. *See, e.g., Trejo v. Laredo Nat. Bank*, 185 S.W.3d 43, 48 (Tex. App. 2005) (teller machine

was not under defendant's exclusive control, and could have been tampered with by the public); *Lucas*, 964 S.W.2d at 157 (holding that doctrine of *res ipsa loquitur* did not apply because "the chair was in a public waiting area, it is possible that someone other than the hospital broke the recliner before [the plaintiff] fell"); *Graham v. Fed-X, Inc.*, 384 S.W.2d 785, 787 (Tex. Civ. App. 1964) (holding that doctrine did not apply to a bottle falling off a shelf because so many people had "equal access to the bottle racks").

Ross also alleges that Ms. Ochoa failed to prove causation for her injuries. The lack of notice of the hanger is sufficient to grant Ross's Motion, but the Court will, nevertheless, consider Ross's causation argument here. Although Ms. Garcia has submitted Ms. Ochoa's medical records to the Court (Doc. No. 14-16), she has not referenced or identified any of these documents in her Response (Doc. No. 21) to establish causation of her injuries. Ms. Garcia cites only Ross's Notice of Removal to demonstrate that Ms. Ochoa suffered injuries. However, a notice of removal is not competent summary judgment evidence. Arguments of counsel—absent, for example, affidavits—fail to meet the evidentiary standard necessary to create a genuine issue of material fact. *Graham v. Fed-X, Inc.*, 384 S.W.2d 785, 787 (Tex. Civ. App. 1964).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her position. Fed. R. Civ. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (because plaintiff failed to refer to articles of evidence in summary judgment, "articles were not properly before that court in deciding whether to grant the motion" and could not be considered). Rule 56 does not

11

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Skotak*, 953 F.2d at 915 cited by *Ragas,* 136 F.3d at 458. Without further explanation in Ms. Garcia's Response, the hospital records of Ms. Ochoa lack context and do not raise a genuine issue of material fact with regard to proximate causation.

Therefore, Ross has established that there is no genuine issue of material fact with regard to both notice and causation. Ross is entitled to a judgment as a matter of law.

IV. **CONCLUSION**

For the reasons explained above, Ross's Motion (Doc. No. 12) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 13th day of September, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE